UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TWTB, INC., et al. | CIVIL ACTION |
| VERSUS | CASE NO. 15-3399 |
| BRUCE J. RAMPICK | SECTION: "G" (2) |

## ORDER

Pending before the Court are a motion to dismiss filed by Defendant Bruce J. Rampick ("Rampick") and a motion to dismiss filed by Third-Party Plaintiff LRSBR, LLC ("LLC").[1] In both motions, the parties move to dismiss Plaintiff TWTB, Inc.'s ("TWTB") claims pursuant to Federal Rule of Civil Procedure 12(b)(3), arguing that the claims are subject to valid arbitration agreements.[2] A court's analysis on motions to dismiss pursuant to Rule 12(b)(3) is limited to whether venue is wrong or improper based upon a failure to satisfy any of the categories listed in 28 U.S.C. § 1391.[3] In their respective motions, the parties move to dismiss the claims pursuant to an arbitration clause, they have not argued that venue is improper pursuant to § 1391.

In *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, the United States Court of Appeals for the Fifth Circuit explained that the Federal Arbitration Act ("FAA") was "in large part motivated by the goal of eliminating the courts' historic hostility to arbitration agreements."[4] Thus, "Section 2 of the FAA puts arbitration agreements on the same footing as other contracts."[5]

---

[1] Rec. Docs. 16, 19.

[2] *Id.*

[3] *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S.Ct. 568, 577, 580 (2013).

[4] 379 F.3d 159, 166 (5th Cir. 2004) (citations omitted).

[5] *Id.*

1

This means that, "as a matter of federal law, arbitration agreements and clauses are to be enforced unless they are invalid under principles of state law that govern all contracts."[6] Section 2 states that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.[7]

Section 1 defines "commerce" as meaning "commerce among the several States or with foreign nations."[8] In *Perry v. Thomas*, the United States Supreme Court concluded that the FAA "provide[s] for the enforcement of arbitration agreements within the full reach of the Commerce Clause [of the United States Constitution]."[9] The FAA, as codified at 9 U.S.C. § 3, gives federal courts authority to stay litigation pending arbitration; it provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.[10]

---

[6] *Id.*

[7] 9 U.S.C. § 2.

[8] 9 U.S.C. § 1.

[9] 482 U.S. 483, 490 (1987). In *Perry*, the Supreme Court held that § 2 of the FAA preempted a California statute that provided a judicial forum for actions seeking to collect wages, notwithstanding any arbitration agreement between the parties. *Id.* at 484; 492.

[10] 9 U.S.C. § 3.

As the United States Court of Appeals for the Fifth Circuit has observed, Section 3 of the FAA is mandatory, providing that federal courts "*shall* on application of one of the parties stay the trial of the action."[11]

Section 4 of the FAA covers motions to compel arbitration; it provides:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.[12]

There is a strong presumption in favor of arbitrability.[13] Any doubts about the arbitrability of a dispute should be resolved in favor of arbitration.[14] To overcome this presumption, there must be clear evidence that the parties did not intend the claim to be arbitrable.[15] The United States Court of Appeals for the Fifth Circuit has established a two-step inquiry to determine if an arbitration clause is enforceable.[16] First, a court determines whether the parties agreed to arbitrate.[17] This involves determining both whether there was a valid agreement to arbitrate and

---

[11] *Waste Mgmt, Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 342–43, 346 (5th Cir. 2004) (construing 9 U.S.C. § 3, reasoning that "[t]he grammatical structure of this sentence would seem to make clear that any of the parties to the suit can apply to the court for a mandatory stay, and the court must grant the stay if the claim at issue is indeed covered by the arbitration agreement," and ordering the district court to grant a nonsignatory's motion to compel arbitration).

[12] 9 U.S.C. § 4.

[13] *See E.E.O. C. v. Waffle House*, 534 U.S. 279, 289 (2002).

[14] *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

[15] *Harvey v. Joyce*, 199 F.3d 790, 793 (5th Cir. 2000).

[16] *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002).

[17] *Id.*

whether the dispute in question falls within the scope of the arbitration clause.[18]  Second, a court determines whether any legal constraints external to the agreement foreclose the arbitration of claims.[19]

Although there is strong language in the case law regarding the presumption in favor of arbitrability, the Fifth Circuit has held that "the right to arbitration, like any contractual right, may be waived."[20] The Fifth Circuit has held that a party will be found to have waived the right to arbitration when the party seeking arbitration "substantially invokes the judicial process to the detriment or prejudice of the other party."[21]

The FAA provides that a court shall stay a case pending arbitration upon a motion by a party. The statutory language does not provide for a court acting *sua sponte* to compel arbitration. Rather, it simply provides that a party may petition a court to compel arbitration. This Court has found no cases within the Fifth Circuit where courts treated a motion to dismiss as a motion to compel arbitration, nor has it found a case where a court compelled arbitration *sua sponte*.

Both parties have briefed the issue of whether the contracts contain a valid arbitration clause, and upon review of the briefings, it does appear that the contracts do, in fact, contain arbitration clauses covering the disputes at issue in this case. However, the motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) that have been filed are not the proper vehicles to address TWTB, Inc.'s failure to arbitrate.

---

[18] *Id.*

[19] *Id.*

[20] *Price v. Drexel Burnham Labert Inc.*, 791 F.2d 1156, 1158 (5th Cir. 1986).

[21] *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that Rampick's "Motion to Dismiss"[22] and LRSBR's "Motion to Dismiss TWTB, Inc.'s Breach of Contract Claim"[23] are **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __3rd__ day of August, 2016.

.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[22] Rec. Doc. 16.

[23] Rec. Doc. 19.